PEOPLE ex rel. CONSOL. GAS CO. v. WELLS et al., Commissioners.

(Supreme Court, Special Term, New York County. May, 1907.)

TAXATION—REAL ESTATE—IMPROVEMENTS.
       The value of improvements placed on real estate by the owner should be included in assessing real estate for taxes.
       [Ed. Note.—For cases in point, see·Cent. Dig. vol. 45, Taxation, § 587.]

Certiorari by the people, on the relation of the Consolidated Gas Company of New York, against James L. Wells and others, board of taxes and assessments, to review an assessment. Report confirmed.

Shearman & Sterling (John· A. Carver and Cortland Betts, of counsel), for relator.

William B. Ellison, Corp. Counsel (Curtis A. Peters, of counsel), for respondents.

LEVENTRITT, J. I am in accord with the views expressed by the learned referee and with the conclusion at which he arrived, which is not disturbed by the questions now raised. The rule stated in the case of Blackwell's Island Bridge, 118 App. Div. 272, 103 N. Y. Supp. 441, upon which the relator now relies, was apparently based upon the opinion expressed in Village of St. Johnsville v. Smith, 184 N. Y. 341, 77 N. E. 617. That case does not, however, change the rules govern-

ing the valuation of property either in proceedings under the tax law or eminent domain. There the village of St. Johnsville had placed certain improvements in the nature of water pipes on a property owner's land before it had acquired title, and the court held that its act constituted a trespass, and that the property owner was entitled to the benefit of the improvements in so far as they enhanced the value of his land. The cost of the improvements, as well as their value, were eliminated as improper elements of damage, inferentially because they were not placed upon the property by the owner, but by the village, which could not be called upon to pay a double cost for them. In other words, the rule there stated is applicable only to a class of cases where a property owner seeks to retain the benefits of the acts of a trespasser   But, where the owner himself places improvements upon property, it cannot be gainsaid either that such improvements have a value for which the owner would be compensated in proceedings under eminent domain or that, having a value, they are taxable. The inequitable distinction which the relator contends is created by an application of the rules which govern valuation under the right of eminent domain as contrasted with the rules applicable to valuation for purposes of taxation does not in fact exist. The report must be confirmed.

Report confirmed.